IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01827-LTB-MJW

CHANTAE TURAN,

Plaintiff,

v.

ROBERT EDGAR and
DOUG ANDRUS DISTRIBUTING, LLC, a foreign limited liability company authorized to
do business in the State of Idaho,

Defendants.

---

**REPORT & RECOMMENDATION ON
PLAINTIFF'S OPPOSED MOTION TO AMEND COMPLAINT
(Docket No. 65)**

---

**Entered by Magistrate Judge Michael J. Watanabe**

Plaintiff's motion to amend her Complaint (Docket No. 65) has been referred to

the undersigned by Senior Judge Lewis T. Babcock (Docket No. 66).  I have reviewed

the parties' filings (Docket No. 65, 70, & 72), taken judicial notice of the court's file on

this case, and reviewed the relevant Federal Rules of Civil Procedure, statutes, and

case law.  Now being fully informed, I make the following findings of fact, conclusions of

law, and recommendation that the motion be denied.

## Background

This is a wrongful-death and personal-injury case.  According to Plaintiff, her son

was driving on the highway, with Plaintiff riding as a passenger, when he swerved to

avoid the debris from a blown-out tire left by Defendants' truck.  He lost control of the

car, and it rolled.  Plaintiff's son died from his injuries.  Plaintiff was herself seriously

injured.  (Docket No. 1, ¶¶ 7-19.)

2

On July 11, 2013, Plaintiff filed the Complaint in this case, including 11 claims for relief.  All 11 claims are premised on the theory that Defendants negligently operated an unsafe vehicle.  (*Id.* ¶¶ 20-89.)  On October 23, 2013, this Court entered a Scheduling Order setting a December 9, 2013, deadline for amending the pleadings.  (Docket No. 19, p. 7.)  The Scheduling Order also set discovery and dispositive-motion deadlines; those were extended a few times, but have since elapsed.  No change was requested or made as to the deadline for amending the pleadings.

On October 10, 2014, Defendants moved for summary judgment, arguing that they indisputably met their standard of care, operated a safe vehicle, and could not be held liable for an unforeseeable equipment failure.  (Docket No. 46.)  Plaintiff argues in response, briefly, that those conclusions are for the jury – but she spends the bulk of her brief arguing that Defendants had a statutory duty to make reasonable efforts to retrieve the tire debris from the highway following the tire blow-out.  (Docket No. 56.)  In their reply, Defendants argue that Plaintiff's argument – both the statute it is based on and the theory that Defendants were negligent in responding to the tire blow-out rather than in causing it – is new and untimely.  (Docket No. 58.)

On the December 16, 2014, the Court entered a Final Pretrial Order based on the draft supplied by the parties.  (Docket No. 64.)  In it, Defendants flagged a "special issue" for the court's attention: "Plaintiff has not properly pled her cause of action, asserted for the first time in the Response to Defendants' Motion for Summary Judgment, that Mr. Edgar should have removed the tire debris."  (*Id.*, p. 4.)

Presumably in response to Defendants' timeliness arguments, Plaintiff now moves to amend her Complaint.  (Docket No. 65.)  The proposed amended complaint

3

eliminates a Defendant that has been voluntarily dismissed since the original complaint, as well as six claims for relief that have similarly been abandoned.  (*See* Docket No. 65-1.)  It adds nothing material to the general factual allegations or to four of the five remaining claims.  (*See id.*)  But it adds six new paragraphs to second claim for relief, negligence per se.  (*Id.* ¶¶ 31-36.)

### Claim for Negligence Per Se

In the original Complaint, the negligence per se claim alleges that Defendant Edgar "was operating his vehicle in a negligent manner" (Docket No. 1, ¶ 27), and that his "conduct was in violation of Colorado Revised Statute 42-4-202(1), which prohibits driving an unsafe vehicle" (*id.* ¶ 28).  The Complaint makes further allegations to satisfy the legal elements of a negligence per se claim (*id.* ¶¶ 29-32), but otherwise does not explain the theory.  The statute identified in the original Complaint prohibits driving or moving any vehicle either "in such unsafe condition as to endanger any person" or in violation of various statutory requirements as to safety lights, signals, mirrors, horns, and the like.  *See* C.R.S. §§ 42-4-202 *et seq.*

The proposed Amended Complaint keeps those allegations, but also adds the following:

> 31.   Further, Defendant's conduct was in violation of Colorado Revised Statute § 42-4-1406, which prohibits the failure to immediately remove any destructive or injurious material from a highway.
>
> 32.   Defendant Edgar has a legal duty to immediately remove the large piece of tire tread from the highway.
>
> 33.   Defendant Edgar made no efforts to locate the tire debris, warn oncoming motorists, or retrieve the tire debris from the right lane where it created a danger for other motorists.

34.     Plaintiff is within the class of individuals to be protected [sic]
        Colorado Revised Statute § 14-4-1406.

35.     Defendant's violation of Colorado Revised Statute § 14-4-
        1406 was willful and/or in reckless disregard to the safety of
        persons such as the Plaintiff.

36.     Defendant's violation of Colorado Revised Statute § 14-4-
        1406 was a direct and proximate cause of Plaintiff's injuries,
        as more fully set forth above.

(Docket No. 65-1, ¶¶ 31-36.)  This proposed amendment adds, as a formal matter, the

legal theory articulated in Plaintiff's objection to Defendants' motion for summary

judgment.  (*See* Docket No. 56.)

## Discussion

Federal Rule of Civil Procedure 15 governs the amendment of pleadings.

Because the time for amending as of right has long passed, and because Defendants

oppose the most recent amendment, Plaintiffs must seek the Court's leave to file the

Second Amended Class Action Complaint.  Fed. R. Civ. P. 15(a).  Pursuant to Rule 15,

"[t]he court should freely give leave when justice so requires."  *Id.* at 15(a)(2).  "The

purpose of the Rule is to provide litigants 'the maximum opportunity for each claim to be

decided on its merits rather than on procedural niceties.'"  *Minter v. Prime Equip. Co.,*

451 F.3d 1196, 1204 (10th Cir. 2006).  Thus,

> "[i]n the absence of any apparent or declared reason—such as undue
> delay, bad faith or dilatory motive on the part of the movant, repeated
> failure to cure deficiencies by amendments previously allowed, undue
> prejudice to the opposing party by virtue of allowance of the amendment,
> futility of amendment, etc.—the leave sought should, as the rules require,
> be 'freely given.'"

*Id.* (quoting *Foman v. Davis,* 371 U.S. 178, 182 (1962)).

As to timeliness, the Tenth Circuit has explained:

5

[T]he Supreme Court listed "undue delay" as one of the justifications for denying a motion to amend.  Emphasis is on the adjective: "Lateness does not of itself justify the denial of the amendment." Rule 15(a) does not restrict a party's ability to amend its pleadings to a particular stage in the action.  However, "[a] party who delays in seeking an amendment is acting contrary to the spirit of the rule and runs the risk of the court denying permission because of the passage of time."  The longer the delay, "the more likely the motion to amend will be denied, as protracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend."

The courts of appeal are not in agreement regarding the showing necessary to establish "undue" delay.  Some circuits hold that an amendment may be denied for undue delay only if the trial court finds prejudice, bad faith, futility, or (in some circuits) a substantial burden on the court.  This Circuit, however, focuses primarily on the reasons for the delay.  We have held that denial of leave to amend is appropriate "when the party filing the motion has no adequate explanation for the delay."

Courts will properly deny a motion to amend when it appears that the plaintiff is using Rule 15 to make the complaint "a moving target," to "salvage a lost case by untimely suggestion of new theories of recovery," to present "theories seriatim" in an effort to avoid dismissal, or to "knowingly delay[ ] raising [an] issue until the 'eve of trial.'"

*Id.* at 1205-06 (internal citations omitted).

Moreover, where a motion to amend comes after the scheduling order deadline,

the moving party must also meet the "good cause" standard of Rule 16(b):

In practice, this standard requires the movant to show the "scheduling deadlines cannot be met despite [the movant's] diligent efforts."  Rule 16's good cause requirement may be satisfied, for example, if a plaintiff learns new information through discovery or if the underlying law has changed.  If the plaintiff knew of the underlying conduct but simply failed to raise [the new] claims, however, the claims are barred.

*Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240-41 (10th Cir.

2014) (internal citations omitted).

6

Here, Plaintiff's motion comes over a year after the deadline for amending pleadings. It comes after the close of discovery, after dispositive motions were fully briefed, and three days after the final pretrial order (Docket No. 64) was entered. In Plaintiff's motion, the only stated grounds for the delay are:

- "Plaintiff and her counsel have diligently been investigating and searching related claims that may properly be brought." (Docket No. 65, ¶ 5.)

- "Presently, the Plaintiff has actively and diligently been researching and inquiring into other claims that could be brought. There has been no undue delay, bad faith or dilatory motive on behalf of the Plaintiff." (*Id.* ¶ 10.)

These sentences, obviously, provide no explanation whatsoever for Plaintiff's tardiness. In her reply to Defendants' Response, Plaintiff elaborates, to a point:

> In this case, through discovery, Plaintiff has concluded that Defendant Edgar's actions constituted an additional claim of negligence per se under C.R.S. § 42-4-1406, making it more of an enhancement of Plaintiff's previous Complaints, rather than a radical re-working of her case. Plaintiff further contends that a lack of knowledge of the complete statutory law of Colorado is an excusable oversight in failing to amend the Complaint at an earlier date.

(Docket No. 72., p. 2.)

No details are provided as to what might have been learned in discovery that led to Plaintiff's new conclusion. To the contrary, Plaintiff's reply makes clear that she does not seek to amend the Complaint because of any newly discovered facts but, rather, because of newly discovered legal theories. This would constitute undue delay under Rule 15(a), and it certainly does not constitute good cause under Rule 16(b).

Therefore, I recommend that Plaintiff's Opposed Motion to Amend Complaint (Docket No. 65) be denied.

**WHEREFORE,** for the foregoing reasons, it is hereby **RECOMMENDED** that Plaintiff's Opposed Motion to Amend Complaint (Docket No. 65) be **DENIED**.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Date:  January 22, 2015                    s/ Michael J. Watanabe
        Denver, Colorado                    Michael J. Watanabe
                                            United States Magistrate Judge