IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 13-cv-01827-LTB-MJW

CHANTAE TURAN,

        Plaintiff,

v.

ROBERT EDGAR and DOUG ANDRUS DISTRIBUTING, LLC, a foreign limited liability company authorized to do business in the State of Idaho,

        Defendants.
_____

**ORDER**
_____

        This matter is before me on Defendants' Motion for Summary Judgment [Doc. # 46] on all of Plaintiff Chantae Turan's remaining claims. A tire on a tractor-trailer driven by Defendant Robert Edgar, an employee of Defendant Doug Andrus Distributing, LLC, blew out, leaving debris in the road. Ms. Turan's son, Tyler Turan, swerved his car to avoid the debris and crashed. He died and Ms. Turan, a passenger, was injured. Ms. Turan alleges that her injuries and her son's death were caused by Defendants' negligent operation of an unsafe vehicle. In their motion, Defendants contend there is no evidence from which a reasonable jury could conclude that Defendants were negligent in this manner. I have jurisdiction under 28 U.S.C. § 1332. I have reviewed the parties' briefing on the motion and I am otherwise fully advised in the premises. Oral argument would not materially assist me in determining the motion. As explained below, I agree with Defendants and **GRANT** their motion.

## I. Facts

The following facts are undisputed. The accident occurred during the afternoon of October 16, 2012, in Laramie County, Colorado. Compl. ¶ 7 [Doc. # 1]. Mr. Edgar was driving a tractor-trailer ("truck") for his employer, Doug Andrus Distributing, LLC (the "company"), and was heading southbound on Interstate 25. *Id.* ¶¶ 8, 18-19. He heard a loud bang indicating one of his tires had blown out and immediately pulled to the side of the road. Edgar Aff. ¶ 11 [Doc. # 46-1]. The Turans were in a Volvo station wagon and were also traveling southbound on I-25. Compl. ¶ 19 [Doc. # 1]. Mr. Turan, who was driving, came upon debris from the tire blowout and swerved to avoid it. *Id.* He lost control and his car went off the side of the road, rolled, and collided with a fence. *Id.* Mr. Turan was ejected from the car and pinned underneath. *Id.* He was pronounced dead at the scene. *Id.* Ms. Turan was seriously injured. *Id.* ¶ 24.

Mr. Edgar's day had begun in Montpelier, Idaho. Edgar Aff. ¶ 3 [Doc. # 46-1]. At 6:58 a.m., he conducted a pre-trip inspection of his truck, which entails "thump[ing] all of [the] tires" with a baton and then "visually inspect[ing] the tire and mak[ing] sure there's no, you know, cracks, tears, or, you know, uneven worn tread or anything like that." Edgar Dep. at 17-18 [Doc. # 46-4]; Edgar Aff. ¶ 6 [Doc. # 46-1]. He found no abnormalities in any of the tires and wrote that the condition of his vehicle was "satisfactory" on a "Driver's Vehicle Inspection Report" that the company provides. Edgar Aff. ¶ 7 [Doc. # 46-1]; Driver's Vehicle Inspection Report [Doc. # 46-3]; Edgar Dep. at 18-19 [Doc. # 46-4]. The pre-trip inspection completed, Mr. Edgar started on his way.

At 11:45 a.m., Mr. Edgar stopped in Rawlins, Wyoming, to refuel and eat lunch. Edgar Aff. ¶¶ 9, 10 [Doc. # 46-1]; Edgar Dep. at 20-21 [Doc. # 46-4]. Before continuing on his route, he did another inspection in which he again found the condition of the tires satisfactory. *Id.* Mr. Edgar testified that he conducts a "walk-around" inspection of the vehicle "every time [he] stop[s]." Edgar Dep. at 21 [Doc. # 46-4]. After inspecting the truck, Mr. Edgar continued on his way. Edgar Aff. ¶ 10 [Doc. # 46-1]. Several hours later, the accident happened.

Mr. Edgar avers that he had "no reason to believe the tire might blow" at any time before the accident. Edgar Aff. ¶¶ 10, 12 [Doc. # 46-1]. At his deposition, Mr. Edgar testified that, if he had identified a safety issue during an inspection, company procedure would have required him to call the company to arrange for roadside repairs or locate "the closest place for me to safely go to get my truck fixed before I proceed." Edgar Dep. at 18-19 [Doc. # 46-4]. At her deposition, Ms. Turan testified that she was unaware of any information Mr. Edgar knew "that would have alerted him to the tire potentially blowing out" before the accident. Turan Dep. at 185 [Doc. # 46-5]. Ms. Turan's accident reconstruction expert likewise testified that tires can fail through no fault of the driver and that he has no opinions regarding how or why the tire failed. Stolz Dep. at 27-28 [Doc. # 46-6].

Ms. Turan's response does not dispute these facts. As explained below, the main theory of negligence alleged in the complaint is that Mr. Edgar "carelessly and negligently operated an unsafe vehicle." Compl. ¶ 18 [Doc. # 1]. Ms. Turan's response, however, addresses a theory not mentioned in the complaint: that Defendants were negligent in failing to clear the road of debris from the tire blowout. She cites evidence that she contends supports this theory, including Mr. Edgar's deposition testimony. *See* Pl.'s Resp. to Defs.' Mot. For Summ. J. [Doc. # 56]. After

3

filing her response, Ms. Turan moved for leave to amend her complaint to assert this theory. The Court denied her motion. *See* Order [Doc. # 77] (accepting recommendation of Magistrate Judge [Doc. # 73]).

## II. Standard of Review

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant has the initial responsibility of identifying for the Court "particular parts of materials in the record"—including, for example, depositions, documents, declarations, and interrogatory answers—that it believes show the absence of genuine issues of material fact. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Mares v. ConAgra Poultry Co.*, 971 F.2d 492, 494 (10th Cir. 1992). Once the movant has done so, the non-movant may not rest on the allegations contained in his complaint, but must "respond with specific facts showing the existence of a genuine factual issue to be tried." *Otteson v. United States*, 622 F.2d 516, 519 (10th Cir. 1980) (internal citation omitted); Fed. R. Civ. P. 56 (c) & (e). If a reasonable jury could not return a verdict for the non-moving party, summary judgment is proper and there is no need for a trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The operative inquiry is whether, viewing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in that party's favor, a reasonable jury could return a verdict for that party. *Id.* at 252; *Mares*, 971 F.2d at 494.

A court may not grant a motion for summary judgment merely because the non-movant fails to respond with any relevant facts. Rather, the court must "first examin[e] the moving party's submission to determine if it has met its initial burden of demonstrating that no material

issues of fact remain for trial and the moving party is entitled to judgment as a matter of law."
*Reed v. Bennett*, 312 F.3d 1190, 1194-95 (10th Cir. 2002); *Caler v. Brown*, No. 13-CV-02093-PAB-DW, 2014 WL 4783387, at *2 (D. Colo. Sept. 25, 2014). Once the court is satisfied that the moving party has met its burden of production, summary judgment may enter. *Reed,* 312 F.3d at 1195; Fed. R. Civ. P. 56(e)(3).

## III. Analysis

### A. Ms. Turan's Claims

In her operative complaint, Ms. Turan asserts claims for negligence, negligence per se, and wrongful death by negligence against Mr. Edgar. She asserts a respondeat superior claim against the company for Mr. Edgar's negligence. And she asserts claims for the company's own negligence: negligent failure to establish and enforce reasonable safety rules, policies, and measures; negligent entrustment; and negligent hiring, training, and supervision. It appears the parties may have reached an agreement to dismiss the latter two claims, but no dismissal papers have been filed. *See* Scheduling Order at 3 [Doc. # 19] (Defendants noting such agreement in their "Statement of Claims and Defenses"). The complaint also contains certain other claims that have been dismissed. *See* Order [Doc. # 12] (dismissing claims against Doug Andrus, Inc.).

All of Ms. Turan's remaining claims are based on negligence. In the "General Allegations" section of her complaint, Ms. Turan alleges that Mr. Edgar "carelessly and negligently operated an unsafe vehicle," Compl. ¶ 18 [Doc. # 1], and this allegation is incorporated into each specific count of the complaint. The allegation is also reiterated in the specific counts for Mr. Edgar's negligence. *See id.* ¶¶ 23, 27-28, 34, 38-40. Even the counts for the company's own negligence reference operation or use of a vehicle. *See id.* ¶ 48 (alleging in

support of negligent entrustment claim that the company entrusted "vehicle to someone who was likely to use the vehicle in violation of Colorado statute"); *id.* ¶ 66 (alleging the company "fail[ed] to establish and enforce reasonable safety rules, policies and measures for the operation of [its] vehicles while in service"); *id.* ¶ 82 (alleging in support of claim for negligent hiring, training, and supervision that the company "knew, or reasonably should have known that Defendant Edgar was not qualified to operate a tractor-trailer"). The complaint contains no mention of the theory asserted in Ms. Turan's response—that Defendants were negligent in failing to retrieve tire debris from the road.

After filing her response, Ms. Turan moved to amend her complaint to allege this theory. Pl.'s Opposed Mot. to Amend Compl. [Doc. # 65]. Her motion came after the discovery cutoff and over a year after the deadline for amending pleadings. Scheduling Order at 7 [Doc. # 19]. The Magistrate Judge recommended denying the motion because there was no good cause to allow an amendment out of time under the scheduling order, *see* Fed. R. Civ. P. 16(b), and the interests of justice would not allow amendment even if the scheduling order were not an obstacle, *see* Fed. R. Civ. P. 15(a). In reaching this conclusion, the Magistrate Judge noted that Ms. Turan had identified no newly discovered facts to justify her delay in seeking amendment, only "newly discovered legal theories." Report & Recommendation on Pl.'s Opposed Mot. to Amend Compl. at 6 [Doc. # 73]. I accepted the recommendation, *see* Order [Doc. # 77], and agree with the well-reasoned analysis contained therein.

Consistent with that ruling, I decline to consider Ms. Turan's new theory of negligence in ruling on the instant summary judgment motion. Discovery has closed and trial is set to begin in less than two months. The Tenth Circuit has explained that "the liberalized pleading rules [do

6

not] permit plaintiffs to wait until the last minute to ascertain and refine the theories on which they intend to build their case." *Evans v. McDonald's Corp.*, 936 F.2d 1087, 1091 (10th Cir. 1991). To allow that practice would "waste the parties' resources, as well as judicial resources, on discovery aimed at ultimately unavailing legal theories and would unfairly surprise defendants." *Id.*; *accord Pater v. City of Casper,* 646 F.3d 1290, 1299 (10th Cir. 2011) (district court properly refused to consider claim raised for first time in summary judgment response because new claim "raised substantially different factual issues after the close of discovery" and plaintiffs provided no reason for delay in asserting claim).

Such concerns are particularly acute here. Defendants have noted, and Ms. Turan has not disputed, that Defendants have taken no fact or expert discovery on the new theory, "including the feasibility of removing a piece of tire debris from a busy multi-lane highway with vehicles traveling at 75 mph." Resp. to Mot. to Amend at 4 [Doc. # 70]. The fact that Defendants did not address this theory in the instant motion, but only in reply, confirms that the complaint did not provide Defendants fair notice that they would need to defend against it. *Green Country Food Mkt., Inc. v. Bottling Grp., LLC*, 371 F.3d 1275, 1280 (10th Cir. 2004) ("The complaint did not place [defendants] on notice of the need to defend against [a claim first asserted in plaintiffs' summary judgment response], as was demonstrated by [defendants'] failure to offer any defense to [the] claim in their initial motion for summary judgment."). It would obviously be unfair to force Defendants to go to trial on a theory that they have not had an adequate opportunity to discover. And it would waste the Court's and Defendants' resources to extend deadlines and/or continue the trial date to allow such discovery to take place. For these reasons, I reiterate that the Court will not allow Ms. Turan to transform her claims in the way she seeks at this late

7

juncture. I will evaluate Defendants' motion on the theories alleged in the complaint.

**B. Summary Judgment**

The Court's jurisdiction in this case is based on diversity of citizenship, so I apply the substantive law of the forum state, Colorado. *Essex Ins. Co. v. Vincent*, 52 F.3d 894, 896 (10th Cir. 1995). To make out a negligence or negligence-based claim under Colorado law, the plaintiff must establish the existence of a legal duty and breach of that duty, in addition to causation and damages. *United Blood Servs. v. Quintana*, 827 P.2d 509, 519 (Colo. 1992). A "legal duty to use reasonable care arises in response to a foreseeable and unreasonable risk of harm to others." *Ayala v. United States*, 846 F. Supp. 1431, 1440 (D. Colo. 1993) (citing *Quintana*, 827 P.2d at 519). The "driver of a vehicle is not negligent because of a sudden failure of the vehicle's equipment if that person could not have reasonably foreseen the sudden equipment failure and that person has done all that a reasonably careful person would have done." Colo. Jury Instr., Civil 11:13 (2014); *Bartlett v. Bryant*, 442 P.2d 425, 426 (Colo. 1968) (affirming defense verdict where defendant "testified that the collision was caused by the unexpected failure of his pickup's brakes and that he had no prior indication of any defect or malfunction in the braking system"); *Daigle v. Prather*, 380 P.2d 670, 672 (Colo. 1963) (affirming defense verdict where "all of the evidence established a brake failure" and defendant "categorically denied any 'forewarning' whatsoever") (emphasis removed).

In their motion, Defendants have come forward with evidence showing that Mr. Edgar could not have reasonably foreseen the tire failure. Mr. Edgar's affidavit, deposition, and Driver's Vehicle Inspection Report show that he inspected his truck's tires twice on the day of the accident and found no cause for concern. Further, neither Ms. Turan nor her expert

identified in their depositions any way in which Mr. Edgar could have prevented the blowout. This evidence suffices to demonstrate that there is no genuine dispute that Mr. Edgar did not negligently operate an unsafe vehicle. Ms. Turan has not come forward with relevant evidence rebutting this showing.

Without proof that Mr. Edgar negligently operated an unsafe vehicle, all of Ms. Turan's remaining claims fail as a matter of law. This includes the claims for Mr. Edgar's own negligence which, as noted above, are based solely on this theory. It also includes the claims against the company for its own negligence in relation to hiring, training, and supervising employees; adopting and enforcing rules and policies; and entrusting a vehicle to Mr. Edgar. Such claims fail for lack of actual and/or proximate causation. Actual causation requires the plaintiff to show "that the injury would not have occurred but for the defendant's negligent conduct." *Kaiser Found. Health Plan of Colo. v. Sharp,* 741 P.2d 714, 719 (Colo. 1987). Because the tire blowout was unforeseeable, it cannot be said, for example, that it would not have occurred if the company had adopted better policies or trained its employees more extensively. Proximate causation requires the plaintiff to show that "injury to a person in the plaintiff's situation was a reasonably foreseeable consequence of [the defendant's] negligence." *Samuelson v. Chutich*, 529 P.2d 631, 634 (Colo. 1974). Even assuming the company was negligent in its decision to hire Mr. Edgar or entrust him with a vehicle—and the parties have presented no evidence suggesting it was—the foreseeable consequences of such negligence might include, for example, a car wreck brought about by poor driving ability; they would not include a tire blowout that the undisputed evidence indicates could not have been anticipated or prevented. Accordingly, summary judgment in Defendants' favor on all of Ms. Turan's

remaining claims is appropriate.

## IV.  Conclusion

For the foregoing reasons, Defendants' Motion for Summary Judgment [Doc. # 46] is **GRANTED** and Plaintiff's remaining claims are **DISMISSED WITH PREJUDICE**. Defendants shall have their costs.

DATED: February   19  , 2015, at Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, JUDGE